IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 3:24-cr-71 |
| v. | ) | |
| | ) | GOVERNMENT'S |
| LUCAS ZACHARY WOODS, | ) | SENTENCING MEMORANDUM |
| | ) | |
| Defendant. | ) | |
| | ) | |

The government, by and through the undersigned Assistant United States Attorney, files this sentencing memorandum in anticipation of the sentencing hearing set for June 10, 2025, at 9:00 a.m.

## TABLE OF CONTENTS

I.    **BACKGROUND** ........................................................................................1

II.   **SENTENCING CALCULATION** ...........................................................2

III.  **GOVERNMENT'S RECOMMENDATION** .........................................3

### I.    BACKGROUND

A three-count Indictment was filed on November 5, 2024, in the Southern District of Iowa, charging Lucas Zachary Woods (Defendant) with Receipt of Child Pornography (Count One), in violation of 18 U.S.C. §§ 2252A(a)(2), 2252A(b)(1); Distribution of Child Pornography (Count Two), in violation of 18 U.S.C. §§ 2252A(a)(2), 2252A(b)(1); and Possession of Child Pornography (Count Three), in violation of 18 U.S.C. §§ 2252(a)(4)(B), 2252(b)(2). A Notice of Forfeiture was filed

pursuant to 18 U.S.C. § 2253. (Final Presentence Investigation Report, hereinafter "PSR." R. Doc. 37, ¶¶ 1-2.)

On February 10, 2025, Defendant pled guilty to Counts One, Two, and Three of the three-count Indictment. On February 24, 2025, the Court accepted Defendant's plea and adjudicated him guilty. There are no counts to dismiss at the time of sentencing. (PSR, R. Doc. 37, ¶¶ 3-4.) Defendant filed objections to the PSR but many were commentary in nature. (PSR, R. Doc. 37, pp. 44-47.) Defendant claims that there are many duplicative images but does not offer further justification for this statement. Defendant indicated that this argument was not intended to object to the PSR guideline calculation, but a reason for the Court to consider for a variance. This will be addressed in the sentence recommendation portion. Additionally, Defendant objects to the factual accuracy of paragraphs 44-53 of the PSR. This conduct did not result in charges and was included for background information only. The government does not intend to prove up any portion of these paragraphs.

## II.   SENTENCING CALCULATION

In the presentence report paragraphs 29-43 and 101, Defendant's guideline range was calculated as follows:

| | |
|---|---|
| Base Offense Level<br>USSG §2G2.2(a)(2) | 22 |
| Specific Offense Characteristics<br>USSG §2G2.2(b)(2) | +2 |
| Specific Offense Characteristics<br>USSG §2G2.2(b)(3)(B) | +5 |

| | |
|---|---|
| Specific Offense Characteristics USSG §2G2.2(b)(4)(A), (B) | +4 |
| Specific Offense Characteristics USSG §2G2.2(b)(5) | +5 |
| Specific Offense Characteristics USSG §2G2.2(b)(6) | +2 |
| Specific Offense Characteristics USSG §2G2.2(b)(6)(7)(D) | +5 |
| Acceptance of Responsibility USSG §3E1.1(a), (b) | -3 |
| Total Offense Level | <u>42</u> |
| Criminal History Category | I |
| Guideline Sentencing Range: | 360 months to Life |

However, the statutorily authorized maximum sentences is less than the maximum of the applicable guideline range; therefore, the guideline range is 360 to 720 months.

## III.   **GOVERNMENT'S RECOMMENDATION**

The sentencing statutes inform this Court that it must impose a sentence sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of Defendant; and to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C.

§ 3553(a)(2). The Court, in determining the particular sentence to be imposed, shall also consider the nature and circumstances of the offense and the history and characteristics of Defendant. 18 U.S.C. § 3553(a)(1). The sentence must "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

The government will ask the District Court to find a final advisory guideline range of Level 42/Criminal History category I: 360 months to life. However, the statutorily authorized maximum sentences are less than the maximum of the applicable guideline range; therefore, the guideline range is 360 to 720 months. The government is recommending a sentence within the guideline range.

Defendant's case was initiated due to him sending child pornography through Facebook. After the Cybertip was initiated, several search warrants were done on other social media applications belonging to Defendant which contained child pornography. A search warrant at Defendant's house yielded two electronic devices that contained child pornography. Upon reviewing the forensic evidence, it showed that Defendant was communicating with other like-minded child pornographers and trading various types of child pornography.

In May 2018, Defendant received images from Minor Victim 1 (MV1) whom it appears he had a sexual relationship with despite MV1 being 16 years old and Defendant being approximately 19 years old. Notable, Defendant communicated with two other minor females, one of which stated that she sent Defendant nude images, however, these images were not found on Defendant's electronic devices. This minor

would have been 11 to 12 years old when she was communicating with Defendant and 15 years old when she had physical contact with Defendant, while he was 21 to 22 years old.

From the evidence recovered in the case, it is clear that Defendant has an attraction to minor females and has amassed a collection of child pornography. Defendant claims the child pornography images counted in the PSR represents duplicates, however, Defendant does not attempt to justify this statement. The case law is clear that when looking at the plain reading of USSG § 2G2.2, cmt. n. 6(b) that it requires counting duplicates as separate images for purposes of the guideline calculation. See *United States v. Ardolf*, 683 F.3d 894, 902 (8th Cir. 2012).

There are nine requests for restitution at this time, however, based on lack of documents provided, the government will be asking for restitution for eight of the series.[1] Based on the number of images/videos Defendant possessed of each series, the government is requesting $3,000 for each listed in the PSR and $5,000 for series PurpleCheer based on the large amount of files obtained by Defendant of this series. The government has been in contact with MV1. MV1 has not definitely decided whether she will provide a statement prior to the sentencing hearing. If one is provided, it will be shared with the Court and Defendant.

Additionally, the government asked and received a stay on the $19,000 in Defendant's 401K fund. We request the Court to order those funds be liquidated and used to pay towards restitution that is ordered. Defendant shall be assessed the

---

[1] MotherFull20121 has not provided sufficient documents.

JVTA[2] of \$5,000 per count and a total of \$5,000 for the AVA[3] based on Defendant's history of employment and future employability.

WHEREFORE, the government prays the District Court consider this sentencing memorandum in determining Defendant's final sentence.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By:   */s/ Melisa Zaehringer*
Melisa K. Zaehringer
Assistant United States Attorney
U.S. Courthouse
131 E. Fourth Street, Suite 310
Davenport, Iowa 52801
Tel: (563) 449-5432
Fax: (563) 449-5433
Email: Melisa.Zaehringer@usdoj.gov

CERTIFICATE OF SERVICE
I hereby certify that on June 4, 2025, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:
____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing     ____Other means

UNITED STATES ATTORNEY

By:  */s/ Alexandria M. Ogden*
    Alexandria M. Ogden
    Paralegal Specialist

---

[2] 18 USC § 3014.
[3] 18 USC § 2259A.