1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
EASTERN DIVISION

- - - - - - - - - - - - - - - X
UNITED STATES OF AMERICA,    :
                             :
     Plaintiff,              :      Case No. 3:24-cr-71
                             :
vs.                          :      CHANGE OF PLEA
                             :      HEARING TRANSCRIPT
LUCAS ZACHARY WOODS,         :        (via Zoom)
                             :
     Defendant.              :
- - - - - - - - - - - - - - - X

                              Courtroom, Second Floor
                              U.S. Courthouse
                              131 East 4th Street
                              Davenport, Iowa  52801
                              Monday, February 10, 2025
                              1:59 p.m.


BEFORE:  THE HONORABLE STEPHEN B. JACKSON, JR., Chief Magistrate
         Judge


APPEARANCES:

For the Plaintiff:       KAITLYN RUTH MACAULAY, ESQ.
                         United States Attorney's Office
                         131 East 4th Street, Suite 310
                         Davenport, Iowa  52801

For the Defendant:       JACK E. DUSTHIMER, ESQ.
                         Attorney at Law, Jack E. Dusthimer
                         1503 Brady Street
                         Davenport, Iowa  52803




                  KARLA M. HALE, CSR, RDR, CRR
                   United States Courthouse
                  111 Locust Street, Suite 521
                   Des Moines, Iowa 50309

P R O C E E D I N G S

(In open court, with the defendant present.)

THE COURT:  Good afternoon.  Have a seat, please.

Good afternoon.  This case is United States of America v. Lucas Woods.  This is Case Number 3:24-cr-71.  We are present today for a change of plea hearing.  The Government is represented by Assistant U.S. Attorney Kaitlyn Macaulay. Mr. Woods appears personally with his attorney, Jack Dusthimer.

Counsel and Mr. Woods, please make sure you are close to a microphone.  If you would help your client, Mr. Dusthimer.  Our court reporter is remote, and so we need to make sure we stay on the microphones.

Mr. Woods, I am United States Magistrate Judge Stephen Jackson, Jr.  I remind you of who I am because we haven't seen each other for a little while.

Importantly, I also remind you of the type of judge I am. The reason I do that is because I need to be sure you know and understand your case is also assigned to a district judge, and for you that is Judge Stephen Locher.  You have the right to have -- I tell you that because you have the right to have a district judge preside over any guilty plea hearing.

As a magistrate judge, I can preside over this hearing but only with your voluntary consent.  And so, Mr. Woods, I need to confirm, do you agree this guilty plea hearing may be conducted by me?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Did you also sign a written consent to allow me to conduct this hearing today as well?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Mr. Dusthimer?

MR. DUSTHIMER:  Yes?

THE COURT:  Did you sign the consent for your client?

MR. DUSTHIMER:  I signed as his counsel, yes.

THE COURT:  On behalf of your client?

MR. DUSTHIMER:  Yes.

THE COURT:  Ms. Macaulay, did you sign the consent for of the Government?

MS. MACAULAY:  I did, Your Honor.

THE COURT:  Thank you.

That will be filed with our clerk.

Mr. Woods, even though I will conduct this guilty plea hearing, Judge Locher will still conduct your sentencing hearing.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Before I can recommend to Judge Locher that he accept your guilty plea, I need to ask you certain questions, and your answers to those questions need to be under oath.

So I'm going to ask you to please stand at this time.  Do your best to raise your right hand, and our clerk will place you under oath.

(Defendant sworn.)

THE COURT:  You can have a seat.

Mr. Woods, you are now under oath.  You need to know that if you make any false statements, you may be prosecuted for the crime of perjury and/or the crime of making a false statement. Those are two separate crimes.

Do you understand you are now under oath and that you are required to tell the truth?

THE DEFENDANT:  Yes, Your Honor.  Yes, Your Honor.

THE COURT:  Would you please state your full name.

THE DEFENDANT:  Lucas Zachary Woods.

THE COURT:  How old are you?

THE DEFENDANT:  Twenty-six, Your Honor.

THE COURT:  How far did you go in school?

THE DEFENDANT:  High school.

THE COURT:  High school diploma?

THE DEFENDANT:  Yes, sir.

THE COURT:  Any post-high school education?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Do you have any difficulty reading or understanding the English language?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Good.  It's very important you understand everything we do here today.  So during this hearing, at any time if something comes up you don't understand, maybe you can't

hear something someone says, or if at any point you feel you need to discuss something with Mr. Dusthimer, will you please let me know that?

THE DEFENDANT:  Yes.

THE COURT:  Mr. Woods, that is so important, I am giving you permission to interrupt me or anyone else here today if one of those things comes up.  Will you do that if you need to?

THE DEFENDANT:  Yes.

THE COURT:  Good.  First I need to ask you some questions to make sure that you are able to understand your rights.  Have you ever suffered from depression, anxiety, or any other mental illness?

THE DEFENDANT:  No.

THE COURT:  Have you ever abused drugs or alcohol?

THE DEFENDANT:  No.

THE COURT:  Do you take any prescription medication?

THE DEFENDANT:  No.

THE COURT:  Do you know of any reason why you might have difficulty understanding these proceedings?

THE DEFENDANT:  No, I do not.

THE COURT:  Mr. Dusthimer, do you have any reason to believe your client might not be competent to enter a guilty plea?

MR. DUSTHIMER:  I have had multiple conversations with

him, and I believe he is capable of going through today's plea proceedings.

THE COURT:  And that he is competent?

MR. DUSTHIMER:  Yes.

THE COURT:  All right.  Very good.

So, Mr. Woods, you have been charged by indictment in three counts.

Count 1 charges you with receipt of child pornography.

Count 2 charges you with distribution of child pornography.

Count 3 charges you with possession of child pornography.

There is also a notice of forfeiture.

Have you had a chance to discuss those charges in detail with your attorney?

THE DEFENDANT:  For the most part, yes.

THE COURT:  Okay.  What do you mean by "for the most part"?

THE DEFENDANT:  Forfeiture hasn't been explained too much, but it's relatively understood.

THE COURT:  Okay.  Is it pretty straightforward, in your view?

THE DEFENDANT:  Yeah.

THE COURT:  Okay.  You understand that forfeiture is the Government is seeking to have certain property forfeited to it upon a conviction for one or more of these counts.  Do you understand that?

THE DEFENDANT:  Uh-huh.

MR. DUSTHIMER:  Is that yes?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  And you just need to say yes or no.  Our court reporter can't type up head nods or what you just indicated.

And so in this case, the Government is seeking an AT&T tablet and a blue Samsung cell phone be forfeited to it.  Do you understand that, Mr. Woods?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  I have been advised that you want to change your previous plea of not guilty to these three counts and that today you wish to enter a plea of guilty to all three of these counts; is that correct?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Before we go any further, you need to know and understand you are not required to enter any guilty plea today.  If you want, you can continue and persist in your plea of not guilty on all counts and go to trial.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And even though you understand that, do you still want to go forward today and plead guilty to Counts 1, 2, and 3 of the indictment?

THE DEFENDANT:  That is correct, Your Honor.

THE COURT:  Before I can recommend that Judge Locher accept those guilty pleas, I need to ask you further questions to make sure that you understand your rights.

Mr. Dusthimer?

MR. DUSTHIMER:  Yes?

THE COURT:  Are you retained or appointed in this case?

MR. DUSTHIMER:  Retained.

THE COURT:  Okay.

Even though you have retained an attorney to represent you in this case, Mr. Woods, I need to be sure you understand you have a right to have a lawyer help and represent you in every stage of this case.

If you wanted an attorney and could not afford to hire an attorney, assuming you met the financial qualifications, I would appoint an attorney to represent you.  That attorney would represent you at no cost but in this case only.  Do you understand your right to an attorney in this case?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And do you have any questions about your right to an attorney in this case?

THE DEFENDANT:  No.

THE COURT:  Are you generally satisfied with the advice, services, and representation you have received from your attorney in this case?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Good.  Is there anything that you have asked your attorney to do for you in this case that he has not done for you?

THE DEFENDANT:  No.

THE COURT:  Next I want to talk to you about your trial rights.  You have the right to a speedy and public trial before a jury of 12 people selected from a cross section of the community.  Both you and your attorney would help choose the people who would serve on your jury.

Any verdict by the jury would have to be unanimous.  That means all 12 jurors would have to agree to the verdict.  Your jurors would promise under oath to try your case fairly based only on what is submitted into evidence at the trial and in the instructions given to them by Judge Locher.

Do you understand your right to a jury trial?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  You also have the presumption of innocence. Judge Locher would tell the jury that you are presumed innocent. He would tell the jury the presumption of innocence remains with you unless at the end of your trial the Government's convinced it of your guilt beyond a reasonable doubt.  Judge Locher would also tell the jury that the presumption of innocence alone is enough for you to be found not guilty of these charges.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  You also have something called the right to confrontation.  What that means is that the Government would have to call its witnesses to testify under oath here in court.  You would be able to see the witnesses as they testify, and they would be able to see you.

Your attorney would not have to question the Government's witnesses, but if he wanted to, he could confront them by cross-examining them.  Do you understand that by pleading guilty, you are giving up your right to confront witnesses?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  You also have the right to present a defense.  The burden of proof remains on the Government throughout the trial.  You would not have to put on a defense or produce any evidence.  However, if you wanted to, you could present any relevant evidence to the jury.

For example, you could make witnesses come to court by having subpoenas served on them.  If you could not afford to pay the costs necessary to serve those subpoenas or get your witnesses to court, I would make the Government pay those costs.

Do you understand that by pleading guilty, you are giving up your right to present any defense?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Finally, you have the right to remain silent.  You could testify at the trial if you wanted to, but you would not have to.  If you decided not to testify, the

prosecutor would not say anything about it to the jury.  In fact, Judge Locher would tell the jurors that you have a constitutional right not to testify, and he would also tell them they must not hold it against you if you do not testify.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  In summary, Mr. Woods, if you plead guilty today, you will not have a trial.  Instead, you will be adjudged guilty based solely on your guilty plea in the same way as if a jury had returned a guilty verdict against you.  Do you understand that by pleading guilty, you are giving up your right to a jury trial?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Mr. Woods, at this time I want to talk to you about the penalties which apply in your case.  On Count 1, you could be sent to prison for a term of up to 20 years, and there is a mandatory minimum prison term of at least 5 years.

Following your imprisonment, you could be placed on a term of supervised release for up to your life, and there is a mandatory minimum term of supervised release of at least five years.

In addition to both of those things, you can be fined up to $250,000, and you'd have to pay a mandatory special assessment of $100.

Count 2 carries the same penalties.  You could be sent to

prison on Count 2 for up to 20 years.  There is a mandatory minimum prison sentence of at least five years.

Following your imprisonment, you can be placed on a term of supervised release for up to your life.

There is a mandatory minimum term of supervised release of at least five years.

In addition to both of those things, you can be fined up to $250,000, and you'd have to pay a $100 special assessment.

On Count 3, you could be sent to prison for up to 20 years.

Following imprisonment, you could be placed on a term of supervised release for up to your life.

And there is a mandatory minimum of five years on supervised release.

In addition to both of those things, you could be fined up to $250,000, and you'd have to pay a mandatory special assessment of $100 on Count 3.

On all three counts, the judge has the power to order forfeiture of property and restitution.  Because you're pleading guilty to more than one count, you need to understand the sentencing options the judge has.

First, you could receive the maximum fine of $250,000 on all three counts, which would lead to total fines of $750,000. Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Second, the judge has the power to order

your sentences to be run concurrently or consecutively.  Have you had a chance to discuss what that means with Mr. Dusthimer?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  So you know concurrent sentences run at the same time, and consecutive sentences run one after the other; is that correct?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And so if you received a maximum sentence of 20 years on each of the three counts and they are run consecutively, that means you could face a total of 60 years in prison.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  In the same manner, if you receive a minimum fine of five years on Count 1 and 2 and those are run consecutively, that means you could face a minimum of ten years in prison.  Do you understand that as well?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  The special assessments are $100 per count, and so that will be a total of $300 in special assessments; however, if the Court determines you to be a nonindigent person, then it shall impose an assessment of $5,000 per count for a total of $15,000.  Do you understand that as well?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  On Count 1 and Count 2, the Court shall also order an additional assessment of not more than $35,000 on

each count.

And on Count 3, the Court shall also order an additional assessment of not more than $17,000.  Do you understand that as well?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you understand the minimum and maximum penalties which may be imposed in this case, Mr. Woods?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  At the time of sentencing, Judge Locher performs a calculation under the Federal Sentencing Guidelines. Those are guidelines issued by the United States Sentencing Commission.  That calculation results in something called an advisory guideline range.  That's a range of months within which the Sentencing Commission suggests that you be sent to prison.

Judge Locher must consider this range in determining your sentence, but he's not required to sentence you within the range.  So long as the sentence he gives you is reasonable, he can depart from the advisory guideline range based on the factors listed in the sentencing guidelines, or he can vary from the range based on the factors listed in the sentencing statutes.

So you could receive a sentence below or above the advisory guideline range.  In fact, you could receive a sentence all the way up to the maximum statutory sentence, which is 20 years in prison on each of Counts 1, 2, and 3.  Do you understand all

that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  You also need to know however the guideline range is calculated and regardless of whether Judge Locher departs or varies from the guidelines, he cannot sentence you below five years in prison on Count 1 and five years in prison on Count 2 even if he wanted to because that is the statutory mandatory minimum.

Mr. Woods, has anyone promised you that you would be eligible for a sentence of less than the mandatory minimum?

THE DEFENDANT:  No, sir.  No, Your Honor.

THE COURT:  You need to know you'll be in custody for all of any prison sentence you receive reduced only by credit for good time you may earn.  In addition, whatever sentence you do receive, you will not be paroled out of prison because there is no parole in the federal court system.  Do you have any questions about any of that?

THE DEFENDANT:  No, Your Honor.

THE COURT:  You paused for a second.  Did you have a question or thought you wanted to discuss with Mr. Dusthimer or a question for the Court?

MR. DUSTHIMER:  May I have a moment?

THE COURT:  You sure may.

(Mr. Dusthimer conferred with the defendant off the record.)

THE COURT:  Mr. Woods, are you ready to proceed?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  Did you have a chance to clear up any questions or concerns you might have with Mr. Dusthimer?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  Very good.

So just so we're clear, you won't see a parole board or be paroled out of prison because the federal court system has no parole.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Mr. Dusthimer, have you given Mr. Woods the benefit of your advice as to the potential range of punishment that you believe he realistically faces by pleading guilty?

MR. DUSTHIMER:  Yes.

THE COURT:  Mr. Woods, do you understand, however, the punishment is for Judge Locher to decide, and it might very well be different than what Mr. Dusthimer has predicted?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you also understand you cannot withdraw your guilty plea simply because your sentence ends up being different than what has been predicted for you?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Mr. Woods, are you a United States citizen?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Then you also need to know as a result of

this conviction, you will be deprived of the right to vote, to serve on a jury, to hold public office, and to possess firearms and ammunition.  Do you understand the loss of rights associated with a felony conviction?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Once you have served your prison sentence, you will be placed on supervised release.  During that time, your conduct is monitored by a probation officer.

There are a number of standard conditions of supervised release.  Those include that you cannot commit any federal, state, or local crimes; nor can you possess firearms, ammunition, or illegal controlled substances.

Judge Locher can also impose additional special conditions. If you violate any of the conditions of your supervised release, it can be revoked, and you could be required to serve up to an additional three years in prison without any credit for time previously served.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.  Do you have any questions about the requirements of supervised release?

THE DEFENDANT:  No.  No, Your Honor.

THE COURT:  You also need to know, Mr. Woods, as a result of this conviction, you will be required to register as a sex offender with the national registry of sex offenders.  You will likely be required to register as a sex offender under the

laws of the state where you live.  Those requirements for registration may be imposed upon you for the rest of your life. Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Ms. Macaulay, has the Government complied with the applicable requirements of the Crime Victims' Rights Act in this case?

MS. MACAULAY:  Yes, Your Honor.

THE COURT:  I mentioned restitution earlier, Mr. Woods. You need to know that the Court shall order as restitution in this case the full amount of any victim's losses incurred or reasonably projected to be incurred but in no event less than $3,000 per victim, and you will be responsible for that.  Do you understand that as well?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Ms. Macaulay, are there any additional collateral consequences to this guilty plea that we must discuss today with Mr. Woods?

MS. MACAULAY:  Your Honor, I do not recall -- I might have missed it.  I don't know if Your Honor mentioned that his rights to vote, serve on a jury, hold public office, or possess firearms or ammunition would also be deprived due to this conviction.

THE COURT:  Mr. Woods, what Ms. Macaulay just said is correct, and I do believe that I instructed you as to that.  Do

you understand that, Mr. Woods?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Okay.

Your recollection, Mr. Dusthimer?

MR. DUSTHIMER:  Yes, you did.

THE COURT:  I covered it?

MR. DUSTHIMER:  Yes.

THE COURT:  Okay.  That's my recollection as well, but thank you, Ms. Macaulay.  Anything else?

MS. MACAULAY:  No, Your Honor.

THE COURT:  Mr. Dusthimer, are there any consequences to this guilty plea that we must discuss with Mr. Woods?

MR. DUSTHIMER:  Not that I am aware of.

THE COURT:  Okay.

So, Mr. Woods, the next thing we need to discuss before I can recommend that Judge Locher accept your guilty pleas today, I must establish that there are facts that would support a conviction in this case.

Earlier I mentioned Count 1 charges you with receipt of child pornography.

Count 2 charges you with distribution of child pornography.

And Count 3 charges you with possession of child pornography.

I am going to ask Ms. Macaulay to recite for you the elements of each of those counts that the Government must prove

beyond a reasonable doubt in order for you to be convicted of those counts.

Ms. Macaulay?

MS. MACAULAY:  Yes, Your Honor.

Count 1, receipt of child pornography, has three elements:

One, that on or about May 9th, 2018, to May 29th, 2024, the defendant knowingly received digital computer files received on a blue AT&T K92 tablet, a blue Samsung A15 cell phone, and various social media accounts controlled by the defendant that contained a visual depiction of child pornography.

Two, that the defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct.

And, three, that the material contained the visual depiction that was produced using some materials that had been mailed, shipped, or transported by a computer/cell phone in interstate or foreign commerce.

Count 2, distribution of child pornography, has three elements:

One, that on or about March 8th, 2024, the defendant knowingly distributed and attempted to distribute digital computer files distributed from his Quora account that contained a visual depiction of child pornography.

Two, that the defendant knew that the visual depiction was of a minor engaging in sexually explicit conduct.

And, three, that the material containing the visual

depiction was produced using materials that had been mailed, shipped, or transported by computer/cell phone in interstate or foreign commerce.

Count 3, possession of child pornography, has four elements:

One, that on or about May 29th, 2024, the defendant knowingly possessed one or more items, specifically a blue AT&T K92 tablet and a blue Samsung A15 cell phone, that contained a visual depiction of child pornography.

Two, that the defendant knew the visual depiction was of a minor engaging in sexually explicit conduct.

Three, that the material containing the visual depiction was produced using materials that had been mailed, shipped, or transported by a computer/cell phone in interstate or foreign commerce.

And, four, that the depiction was of a prepubescent minor or a minor who had not attained 12 years of age.

THE COURT:  In addition, for each of these counts, the Government must prove some or all of this activity occurred in the Southern District of Iowa.  Again, all of the elements must be proven beyond a reasonable doubt.

Mr. Dusthimer, is that an accurate recitation of the elements of these charges?

MR. DUSTHIMER:  I struggle only because -- regarding both the identification of the electronic devices.  The fact

that it was done through some kind of electronic device is clearly a statutory language.  As far as the specific identified electronic devices, I don't believe that's what the statute requires.

THE COURT:  Okay.  So other than specifically identifying specific electronic devices, the recitation of the elements is correct.  Is that what you're saying?

MR. DUSTHIMER:  Yes.

THE COURT:  Okay.  And so you would just refer to them as electronic devices as opposed to a specific certain one because the statute does not require someone to possess a blue Samsung A15 cell phone, for example?

MR. DUSTHIMER:  Correct.

THE COURT:  Okay.  With that, do you believe Mr. Woods understands the elements of the charges against him?

MR. DUSTHIMER:  Yes.

THE COURT:  Okay.

Would you also agree with that, Ms. Macaulay, kind of qualifier Mr. Dusthimer indicated?

MS. MACAULAY:  I do, Your Honor.

THE COURT:  Thank you.

Okay.  And so, Mr. Woods, I understand that you intend to enter a plea of guilty today on these three counts without the benefit of a plea agreement with the Government; is that correct?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Mr. Woods, I need to ask you has anyone made promises to get you to plead guilty today?

THE DEFENDANT:  No, Your Honor.

THE COURT:  For the record, Ms. Macaulay, were formal plea offers made to Mr. Woods?

MS. MACAULAY:  They were, Your Honor.

THE COURT:  Okay.

Is that correct, Mr. Dusthimer?

MR. DUSTHIMER:  Yes.

THE COURT:  And did you communicate those plea offers to Mr. Woods?

MR. DUSTHIMER:  We did, and we attempted to communicate with the Government as well regarding our concerns.

THE COURT:  Okay.  And so Mr. Woods received all of those plea offers and ultimately rejected them; is that correct?

MR. DUSTHIMER:  That is correct.

THE COURT:  All right.

THE DEFENDANT:  There was only one.

MR. DUSTHIMER:  Well, all of the terms.

THE DEFENDANT:  Okay.  I was, like, there was only one offer.

THE COURT:  Okay.  Is that correct?  There was only one offer, Mr. Dusthimer?

MR. DUSTHIMER:  That is correct.

THE COURT:  Very good.  And were any promises made to Mr. Woods in order for him -- to get him to plead guilty, Mr. Dusthimer?

MR. DUSTHIMER:  None.

THE COURT:  Is that correct, Ms. Macaulay?

MS. MACAULAY:  Yes, Your Honor.

THE COURT:  All right.

So I've had communications with counsel about the conduct of this hearing today.

Mr. Dusthimer, are you prepared to establish the factual basis for these three counts with your client?

MR. DUSTHIMER:  Yes.

THE COURT:  Can I ask you to start with Count 1, deal with all of the elements, and then go to Count 2 as opposed to combining some of the elements together for various of the counts?

MR. DUSTHIMER:  Is it acceptable to the Court that I do Count 1 and 3, in that order, only because they are the same date?

THE COURT:  That is fine.  I just want to make sure we hit all of the elements for each of the counts and that I can keep track of them; and then secondly, to also establish that Counts 1 and 3, you have different images for Count 1 -- or at least some different images that would apply to Count 1 and that that would apply -- then that would apply to Count 3.  Does that

make sense?

MR. DUSTHIMER:  Yes.

THE COURT:  Okay.  Thank you.  You may proceed.

MR. DUSTHIMER:  You and I get to hold a conversation now.

THE COURT:  Okay.  And I'm going to stop you right there.  Please make sure you adjust your microphones.  I know you are turning to look to your client.  Thanks.  Just pull it closer.

MR. DUSTHIMER:  So this is what we talked about over the weekend.  Remember that?

THE DEFENDANT:  (Nodded affirmatively.)

MR. DUSTHIMER:  So let's talk, first of all, on or about May 9th -- or on or about -- let's go back.  On or about May 9th, 2024, were you in the Southern District of Iowa?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  And during that time, did you have times where you received child pornography?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  And you understand child pornography is some type of image with sexually explicit conduct regarding someone under the age of 18?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  And did you, in fact, receive that child pornography at least on or about May 29th?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  Okay.  And at that time, you knew they were visual depictions?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  And that was of child pornography?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  And that somehow, some way a computer had been used for you to receive that child pornography?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  So that is the end of my questions regarding Count 1.

THE COURT:  Can I ask, Mr. Woods, did you receive those visual depictions of a minor engaged in sexually explicit conduct on a blue AT&T tablet and a blue Samsung cell phone?

THE DEFENDANT:  Yes.

THE COURT:  You may proceed, Mr. Dusthimer.

MR. DUSTHIMER:  And after you received it, now pointing to Count 3, did you possess those images?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  And for Count 3, were at least one of those images showing depictions of children that are not yet sexually developed or who had not yet reached the age of 12 years of age?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  And did you understand that's what it

means by "prepubescent"?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  And that same thing, they were electronic images that you knew had sexually explicit conduct, and you had them on some kind of electronic device?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  And then so you would have knowingly possessed them?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  That would be the end of my questions regarding Count 3.

THE COURT:  And did you possess those items of child pornography on a computer or cell phone, Mr. Woods?

THE DEFENDANT:  Yes.

THE COURT:  In the Southern District of Iowa?

THE DEFENDANT:  Yes.

THE COURT:  Okay.

You may proceed.

MR. DUSTHIMER:  And finally, the concerns regarding distribution suggest around March 8th of last year, or just about a year ago, did you somehow share or attempt to share the child pornography to others because of the digital nature of the images?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  And did you do that through some kind

of electronic means?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  And did you understand or believe now that somehow because you used the electronic means and the Internet, that that affected interstate and foreign commerce by any means?

THE DEFENDANT:  Yes.

MR. DUSTHIMER:  That would be the end of my questions regarding Count 3 [*sic*].

THE COURT:  As it relates to Count 2, you mean.

MR. DUSTHIMER:  Count 2, I'm sorry.

THE COURT:  Okay.  The third count you addressed but Count 2.

Mr. Woods, did you knowingly distribute or attempt to distribute those computer files that contained visual depictions of child pornography?

THE DEFENDANT:  Yes.

THE COURT:  Did you know that those visual depictions were of a minor engaging in sexually explicit conduct?

THE DEFENDANT:  Yes.

THE COURT:  Did you do this by computer or cell phone?

THE DEFENDANT:  Yes.

THE COURT:  And did you do this while you were in the Southern District of Iowa?

THE DEFENDANT:  Yes.

THE COURT: Any further questions for the factual basis, Mr. Dusthimer?

MR. DUSTHIMER: No, Your Honor.

THE COURT: Ms. Macaulay, do you believe that there has been a factual basis established for a guilty plea to all three counts in this case?

MS. MACAULAY: Yes. The only thing I would like to clarify is that the two devices that Your Honor asked the defendant questions about, the AT&T K92 tablet and the blue Samsung A15 cell phone, I just want to clarify that those are the same devices that are listed in the forfeiture section of the indictment, just to make sure that we are talking about the same devices.

THE COURT: Is that correct, Mr. Woods?

THE DEFENDANT: As far as I know, Your Honor, yes.

THE COURT: Okay. Anything further, Ms. Macaulay?

MS. MACAULAY: No, Your Honor.

THE COURT: Mr. Dusthimer, do you believe there has been an adequate factual basis established for guilty pleas here?

MR. DUSTHIMER: Yes.

THE COURT: Have you had full access to the Government's discovery in this case?

MR. DUSTHIMER: Yes.

THE COURT: Do you believe those materials also support

a factual basis for your client's guilty pleas?

MR. DUSTHIMER:  Yes.

THE COURT:  Do you know of any possible defenses that you have not considered and discussed with your client?

MR. DUSTHIMER:  We've had an open and complete dialogue regarding the options as far as how to best fight this case or defend it, yes.

THE COURT:  So, Mr. Woods, I want to be sure you know and understand once your guilty pleas are accepted by Judge Locher, you will have no right to withdraw those guilty pleas. Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  If you plead guilty today, I will order something that is called a presentence investigation.  That requires a probation officer to conduct a thorough investigation of this case and to prepare a draft presentence report.  A copy of the draft report will be sent to both of the attorneys.

When Mr. Dusthimer gets the report, go through it with him carefully.  Tell him about mistakes you find or important things that you believe have been left out.  He will tell the probation officer about those things, and the report can be revised, if necessary, to make sure that it is complete and accurate.  Once the report is finalized, it is sent to Judge Locher, and you will then have a sentencing hearing.

At that hearing, the parties can present witnesses and

exhibits on any sentencing issue.  In addition, at that hearing you have the right to speak directly to Judge Locher to tell him anything you want him to know as he makes his sentencing decision.  Although you have the right to speak directly to him at that time if you want to, you also have the right to choose not to say anything to him if you do not want to.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you have any questions about the sentencing procedure?

THE DEFENDANT:  No, Your Honor.

THE COURT:  You also should note both the draft and final presentence reports are sealed documents.  You shall not disclose any part of either report or the contents to anyone other than your attorney.  If you do that, you could be prosecuted for contempt of court.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  I want to mention to you your rights to appeal in this case.  Both you and the Government will have the right to appeal your conviction and sentence to the Eighth Circuit Court of Appeals.  Do you have any questions concerning your right to appeal in this case?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Mr. Woods, has anyone forced or pressured you to plead guilty or made promises to get you to plead guilty?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Mr. Dusthimer, do you believe a guilty plea in this case would be voluntary?

MR. DUSTHIMER:  I do.

THE COURT:  Do you know of any legal reason why the plea should not be accepted?

MR. DUSTHIMER:  I am not aware of any reason.

THE COURT:  Do you know of anything I may have omitted that could affect the validity of this plea?

MR. DUSTHIMER:  I believe you have covered all aspects as required by Rule 11.

THE COURT:  Ms. Macaulay, do you know of anything I may have omitted that could affect the validity of this plea?

MS. MACAULAY:  I do not, Your Honor.

THE COURT:  Mr. Woods, you and I have just gone through a lot of information.  I want to make sure you understood absolutely all of it because I don't want you to come back at any point in the future and claim that you were confused or someone forced you to plead guilty.  Okay?

THE DEFENDANT:  Yes.

THE COURT:  So I want to confirm with you, have you been able to understand absolutely everything we have discussed today?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Do you have any questions about any of it?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Is anyone forcing you or pressuring you to plead guilty?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Are your guilty pleas today voluntary and your own decision?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  In that case, would you please stand.

Mr. Woods, formally and for the record, how do you plead to Count 1 of the indictment charging you with receipt of child pornography, in violation of Title 18, U.S. Code, Sections 2252A(a)(2) and 2252A(b)(1), guilty or not guilty?

THE DEFENDANT:  Guilty, Your Honor.

THE COURT:  Formally and for the record, how do you plead to Count 2 charging you with distribution of child pornography, in violation of Title 18, U.S. Code, Sections 2252A(a)(2) and 2252A(b)(1), guilty or not guilty?

THE DEFENDANT:  Guilty, Your Honor.

THE COURT:  Finally, formally and for the record, how do you plead to Count 3 charging you with possession of child pornography, in violation of Title 18, U.S. Code, Sections 2252A(a)(5)(B) and 2252A(b)(2), guilty or not guilty?

THE DEFENDANT:  Guilty, Your Honor.

THE COURT:  The record should reflect the defendant, Lucas Zachary Woods, has pled guilty to Counts 1, 2, and 3 of

the indictment in violation of the code sections I have just cited.

You may have a seat.

Based on the record made today, my review of the materials submitted in connection with this hearing, my observations of Mr. Woods in open court as he responded to my questions, I find he is competent; he fully understands the charges against him; there is a factual basis for his plea; he knows the minimum and maximum punishment that may be imposed on these charges; and he knows of his jury rights; and he has voluntarily waived those rights.

I further find his decisions to plead guilty are voluntary, knowing, and not the result of any force, pressure, threats, or promises.  I therefore conclude Mr. Woods should be found guilty based upon his pleas of guilty.

I also determine the Government has established the requisite nexus between the offense and property it seeks in forfeiture.

I have signed and I am filing right now my report and recommendation recommending that Judge Locher accept Mr. Woods's guilty pleas.  Counsel will receive a copy of the report.  The parties have 14 days to file objections.  If no objection is made, Judge Locher may accept my recommendation and Mr. Woods's guilty pleas by simply entering a written order doing so.

I also order a presentence investigation.  The deadlines

for that report will be set forth in an order to be issued by Judge Locher's chambers.

I'll give the parties two dates.  First, the Government shall provide a written statement of the offense conduct in this case on or before February 24th to Probation and defense counsel.

Second, sentencing is set for June 10th, 2025, at 9:00 a.m. June 10th, 9:00 a.m.

Pending sentencing, the prior order of detention remains in place.

Ms. Macaulay, is there anything further we need to address?

MS. MACAULAY:  No, Your Honor.

THE COURT:  Mr. Dusthimer?

MR. DUSTHIMER:  No.  Thank you.

THE COURT:  Mr. Woods, good luck.

We are adjourned.

THE DEFENDANT:  Thank you.

(The proceedings concluded at 2:40 p.m.)

C E R T I F I C A T E

I, Karla M. Hale, a Certified Shorthand Reporter of the State of Iowa and Federal Official Realtime Court Reporter in and for the United States District Court for the Southern District of Iowa, do hereby certify, pursuant to Title 28 U.S.C. Section 753, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Dated at Des Moines, Iowa, May 5th, 2026.


/s/ Karla M. Hale
Karla M. Hale, CSR, RDR, CRR
Federal Official Court Reporter